UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ARTHUR SOTAK,

       Plaintiff,

 -against-

MCGRAW-HILL COMPANIES, INC.,

       Defendant.
------------------------------------------------------------- x

**ORDER REGULATING DISCOVERY**

07 Civ. 2698 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

   The parties, by joint letter of February 11, 2008 pursuant to my Individual Rule 2E, ask me to rule on discovery issues they are unable to resolve amicably. I rule as follows:

  1. Whether plaintiff's late-identified witnesses should be precluded from testifying at trial. In his Initial Disclosures, plaintiff identified 10 witnesses who may have knowledge of facts relevant to the case. Three days before fact discovery was scheduled to be closed, plaintiff identified 17 more witnesses, claiming that he had just contacted them and that it was not until the recent deposition of his direct supervision, Art Levine, taken five weeks earlier, that their relevance became known to him. Only then, plaintiff claims, did the quality of his performance become an issue.

   Plaintiff complains of age discrimination. He is 64 years old, and had worked at McGraw-Hill for 18 years before he was terminated as part of a business restructuring. He was a Senior Sales Representative, and sold textbooks to colleges and universities. He alleges that he was always considered a "very good" salesman, but that in more recent years his performance had been criticized – he claimed, unfairly. He alleges that McGraw-Hill was "setting him up" for termination.

   Clearly, plaintiff should have anticipated that he would want to prove the quality of his performance. Plaintiff had the obligation to identify, in his Initial Disclosure,

"each individual" who was "likely to have discoverable information." R. 26(a)(1). That obligation included the 17 new witnesses, as well as the 10 who originally were identified.

However, rather than preclude plaintiff entirely, I rule as follows:

a. Plaintiff shall select five of the 17 witnesses who, plaintiff believes, are most important to his case and, within 10 days from today, identify them, provide a summary of their expected testimony, and indicate for each when, during the following 30 days, the five witnesses will be brought to New York City for depositions.

b. Defendant shall take the depositions of the five witnesses on the dates indicated for each.

c. The depositions are to take no more than three hours each, provided that any objections to questions take up no more than one line of text and the witness cooperates in answering questions to the best of his recollection.

d. The expenses of defendant, including legal expenses, may be assessed as taxable costs.

e. None other of the 17 shall be allowed to testify.

2. Whether defendant shall produce documents showing how other sales representatives fared in the number of professors they signed to write books, and concerning the Manuscript Reports they delivered. Defendant produced the requested information for other employees in four geographic regions that were affected by the corporate restructuring of June 2005. Defendant produced also relative sales data for the entire Irwin Division.

Defendant argues that the four areas are a subset of the Irwin Division, and that the reduction in force that led to plaintiff's termination, applied only to those four areas. Thus, defendant produced all the information requested by plaintiff for only those four areas. In addition, defendant produced comparative sales data for the entire division, since the executive in charge of the reduction in force considered relative sales data. Plaintiff requests production of manuscript reports and book signings relevant to the entire Irwin Division.

Discovery is not limited to that which may be admissible in trial. It is too early now to define the precise limits of plaintiff's proofs and defendant's defenses. Since there has been no sufficient showing that production in response to plaintiff's requests will be unduly burdensome, I order defendants to make such production within 20 days from today's date.

3. Pursuant to the Case Management Order, as amended, discovery was to close January 31, 2008. It is now closed, with the exception of the discovery allowed by this order.

4. Dispositive motions may be filed by either or both parties according to an agreed schedule prior to May 30, 2008. If neither party files a timely motion, the parties shall advise the court by joint letter what, if any, proceedings remain, and request a conference to set a trial date.

SO ORDERED.

Dated: February 19, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge