UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ARTHUR SOTAK,

                       Plaintiff,

- against -

McGRAW-HILL COMPANIES, INC.

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                         07 Civ. 2698 (AKH)

                                         PLAINTIFF'S PROPOSED
                                         JURY CHARGES

        Plaintiff Arthur Sotak ("plaintiff" or "Sotak") respectfully requests the Court to include the following in its charge to the jury:

**PLAINTIFF'S REQUEST NO. 1**
**(Summary of Claims)**

        In this case, Arthur Sotak ("Mr. Sotak" or "plaintiff") has brought claims of age discrimination and retaliation against McGraw-Hill Companies, Inc. ("McGraw-Hill" or "defendant") for violations of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"); the New York State Human Rights Law, New York Executive Law § 296 et seq. (the "Executive Law"); and the Administrative Code of the City of New York § 8-107 et seq. (the "City Law").  These statutes prohibit age discrimination in employment and retaliation against employees for complaining of discrimination.

## PLAINTIFF'S REQUEST NO. 2
### (Introduction)

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case and then retire for your final deliberations.  You have now heard all the evidence introduced by the parties.  You have also heard arguments of the attorneys and the conclusions which each party believes should be drawn from the evidence presented to you.  This charge is divided into roughly two parts -- the first part consists of general principles of law that are applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case.

1A Hon. Leon D. Lazer et al., New York Pattern Jury Instructions
§ 1:35 (3d ed. 2009).

## PLAINTIFF'S REQUEST NO. 3
**(Impartiality)**

A lawsuit is a civilized method of determining differences between people.  It is basic to the administration of any system of justice that the decision on both the law and the facts be made fairly and honestly.  You as the jurors and I as the Court have a heavy responsibility -- to insure that a just result is reached in deciding the differences between the plaintiff and the defendant in this case.

1A New York Pattern Jury Instructions § 1:36.

## PLAINTIFF'S REQUEST NO. 4
### (Jury Function)

As the jurors, your fundamental duty is to decide what the facts are, based on all the evidence that you have heard and the exhibits that have been submitted. You are the sole, exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined. In that field you are supreme, and neither I nor anyone else may invade your province.

1A New York Pattern Jury Instructions § 1:37.

**<u>PLAINTIFF'S REQUEST NO. 5</u>**
**(Court's Function)**

On the other hand, and with equal emphasis, I charge you that you are required to accept the law as it is given to you in this charge and in any instructions that I have given to you during the course of the trial.  Whether or not you agree with the law as given to you by me, you are bound by it.  The process by which you arrive at a verdict is:  First, decide what the facts are from all of the evidence and the exhibits.  Second, apply the law as I give it to you to the facts as you have decided them to be.  The conclusion thus reached will be your verdict.

1A New York Pattern Jury Instructions § 1:38.

## PLAINTIFF'S REQUEST NO. 6
### (Evidence)

You must decide what the facts are based solely on the evidence that was presented here in court. As you evaluate the evidence, you may, of course, apply your own powers of reason and common sense about the nature of things.

The evidence consisted of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agreed or which I may have instructed you to accept. Here are some rules that will help you recognize what is, and what is not, evidence:

Lawyers' Statements. These are not evidence. However, if all the lawyers stipulate and agree to what the facts are, I will direct you to accept whatever they agree to as true.

Rejected Evidence. There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I sustain the objection, the question cannot be answered or the exhibit cannot be received. Whenever I sustain an objection to a question or an exhibit, ignore the question or the exhibit and do not guess what the answer would have been or what the exhibit would have shown. Also, from my rulings on objections, you should not draw any conclusion that I have any opinion on the merits of the case or that I favor one side or the other.

Question to a Witness. The questions asked a witness are not evidence. It is only the answer to the question that results in evidence. If a lawyer's question to a witness contains an insinuation, you must ignore the insinuation.

1.     <u>Stricken Evidence</u>.  At times, I may have directed some piece of evidence to be stricken or thrown out.  Because it is no longer evidence, you must totally ignore it and obliterate it from your minds.

1 Vincent C. Alexander <u>et al.</u>, New York Forms of Jury Instruction
§ 1.23 (1994).

**PLAINTIFF'S REQUEST NO. 7**
**(Evidence)**

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 104.20 (5th ed. 2000).

**PLAINTIFF'S REQUEST NO. 8**
**(Objections and Rulings)**

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards.  It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law.  Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side.  You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question.

3 Federal Jury Practice and Instructions § 102.71.

## PLAINTIFF'S REQUEST NO. 9
### (Weighing Testimony)

The law does not require you to accept all of the evidence I have admitted.  In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and decide how much weight you choose to give to that testimony.  The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying.

There is no magical formula by which you evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you.  The same tests that you use in your everyday dealings are the tests that you apply in your deliberations.

The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony.  If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together.  If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

1A New York Pattern Jury Instructions, 1:41.

## PLAINTIFF'S REQUEST NO. 10
### (Credibility of Witnesses)

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  Your are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize the entire testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine the truth?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did (s)he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor – that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

L. Sand et al., 4 Modern Federal Jury Instructions ¶ 76.01 (2005);
3 Federal Jury Practice and Instructions § 105.01.

## PLAINTIFF'S REQUEST NO. 11
### (Burden of Proof)

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

4 Modern Federal Jury Instructions ¶ 73.01.

**PLAINTIFF'S REQUEST NO. 12**
**(Controlling Law of Discrimination and Retaliation)**

The ADEA makes it unlawful for an employer:

[T]o discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1).

The ADEA protects individuals who, like Mr. Sotak, are at least 40 years old.   29

U.S.C. § 631(a).

The ADEA also makes it unlawful for an employer:

[T]o discriminate against any of [its] employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d).

The Executive Law provides that it is unlawful for an employer:

[B]ecause of the age . . . of any individual, . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

N.Y. Executive Law § 296(1)(a).

It is also unlawful under the Executive Law for an employer to:

[D]ischarge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under [the Executive Law]. . . .

N.Y. Executive Law §  296(1)(e).

The City Law similarly provides that it is unlawful for an employer:

[B]ecause of the actual or perceived . . . age of any person, . . . to discharge from employment such person or to discriminate against

such person in compensation or in terms, conditions or privileges of employment.

N.Y.C. Admin. Code § 8-107(1)(a).

Moreover, the City Law makes it unlawful for an employer to "retaliate or discriminate in any manner against any person because such person has . . . opposed any practice forbidden under [the law]." N.Y.C. Admin. Code § 8-107(7).

The New York City Council made certain findings when it passed the City Law, including:

> In the City of New York, with its great cosmopolitan population, there is no greater danger to the health, morals, safety and welfare of the city and its inhabitants than the existence of groups prejudiced against one another and antagonistic to each other because of their actual or perceived differences, including those based on . . . age. . . . The council hereby finds and declares that prejudice, intolerance, bigotry, and discrimination and disorder occasioned thereby threaten the rights and proper privileges of its inhabitants and menace the institutions and foundation of a free democratic state.

N.Y.C. Admin Code § 8-101.

**PLAINTIFF'S REQUEST NO. 13**
**(Discrimination)**

Mr. Sotak contends that McGraw-Hill fired him because of his age.  To establish this claim, Mr. Sotak is not required to produce a "smoking gun" or an admission of discrimination by McGraw-Hill.

Desert Palace Inc. v. Costa, 539 U.S. 90, 98-100 (2003); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-48 (2000); O'Connor v. Cons. Coin Caterers Corp., 517 U.S. 308, 311-12 (1996); Graham v. Long Island R.R., 230 F.3d 34, 38-39 (2d Cir. 2000); Sharkey v. Lasmo, 214 F.3d 371, 374 (2d Cir. 2000); Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997); Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1183-87 (2d Cir. 1992); Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir. 1991); Fullerton v. The Prudential Life Ins. Co., No. 99 Civ. 4453, 2000 WL 1810099, at *6-7 (S.D.N.Y. Nov. 30, 2000).

## PLAINTIFF'S REQUEST NO. 14
### (Discrimination: Pretext)

You may find for Mr. Sotak if you find that he has shown by a preponderance of the evidence that the reasons offered by McGraw-Hill are not its complete reason for firing him and that McGraw-Hill was motivated, at least in part, by his age.

You may find that Mr. Sotak's proof that the reasons McGraw-Hill asserts are not the complete reasons for its actions, coupled with a suspicion that McGraw-Hill is misrepresenting what happened, is enough to show that McGraw-Hill was motivated by age discrimination against Mr. Sotak.  In making this determination, you should consider the reasonableness, or lack thereof, of McGraw-Hill's explanation for its decision to fire him, and any evidence of implausibilities concerning those reasons.  If you find the reasons articulated by McGraw-Hill to be unbelievable or a "cover-up," such a finding permits you to conclude that McGraw-Hill was motivated by a discriminatory reason.

You should also consider any other evidence tending to show that McGraw-Hill was motivated at least in part by Mr. Sotak's age.  Even if the reasons given by McGraw-Hill for firing Mr. Sotak are true, the explanation may still be a pretext for discrimination if it is not the complete reason.  You may compare McGraw-Hill's treatment of Mr. Sotak to its treatment of other employees who are held to the same workplace standards or rules as Mr. Sotak.  You may also consider whether McGraw-Hill failed to treat Mr. Sotak in a manner that was consistent with its usual policies and protocols.  Proof, however, that McGraw-Hill's reasons for firing Mr. Sotak are false is not required for a finding of discrimination.

> Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 144-49 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116-17 (2d Cir. 2000); Renz v. Grey Adver., Inc., 135 F.3d 217, 222-23 (2d Cir.

1997); <u>Cabrera v. Jakabovitz</u>, 24 F.3d 372, 382-83 (2d Cir. 1994); <u>DeMarco v. Holy Cross High Sch.</u>, 4 F.3d 166, 170-71 (2d Cir. 1993).

## PLAINTIFF'S REQUEST NO. 15
### (Participants in Decision)

You may determine that more than one person contributed to a decision, either because two or more people made a decision jointly, or where a decisionmaker considered and relied upon the report or recommendation of another person.  In such circumstances, the plaintiff is not required to show that everyone who participated in making the decision was biased. Rather, you may find that the bias of even one person who participated in the decision, or bias by someone who made a recommendation that the decisionmaker relied upon, has infected the entire decisionmaking process.

Price Waterhouse v. Hopkins, 490 U.S. 228, 256 (1989); Feingold v. New York, 366 F.3d 138, 146-47 (2d Cir. 2004); Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 181-84 (2d Cir. 1992); Barbano v. Madison County, 922 F.2d 139, 144 (2d Cir. 1990); Lam v. University of Hawaii, 40 F.3d 1551, 1560-61 (9th Cir. 1994); Roebuck v. Drexel Univ., 852 F.2d 715, 727 (3d Cir. 1988); Zakre v. Norddeutsche Landesbank Girozentrale, 396 F. Supp. 2d 483, 508 (S.D.N.Y. 2005).

## PLAINTIFF'S REQUEST NO. 16
### (Retaliation:  Elements)

Mr. Sotak also claims McGraw-Hill retaliated against him for complaining of age discrimination.  Specifically, Mr. Sotak contends that McGraw-Hill dismissed him in June 2005 because he complained about discrimination in the first half of 2005.

To establish his claims of retaliation, Mr. Sotak must show by a preponderance of the evidence the following three elements:

First, that he engaged in activity that is protected under applicable laws;

Second, that McGraw-Hill fired Mr. Sotak after the protected activity occurred;

Third, that Mr. Sotak's protected activity was a motivating factor in McGraw-Hill's decision to terminate his employment.

> Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116-17 (2d
> Cir. 2000); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769
> (2d Cir. 1998); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178
> (2d Cir. 1996); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033,
> 1039 (2d Cir. 1993); Sumner v. United States Postal Serv., 899
> F.2d 203, 208-09 (2d Cir. 1990).

**PLAINTIFF'S REQUEST NO. 17**
**(Retaliation:  Discrimination Not Required)**

You should consider Mr. Sotak's retaliation claims separately from his discrimination claims.  He does not have to prove discrimination to prove retaliation.

> Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993); Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988); Avis-High Bennett Rent-A-Car Inc. v. State Human Rights Appeal Bd., 40 A.D.2d 992, 338 N.Y.S.2d 694, 696-97 (2d Dept. 1972).

**PLAINTIFF'S REQUEST NO. 18**
**(Opposition to Discriminatory Conduct)**

"Opposition" to an employment practice does not require that a plaintiff file a charge or make a formal complaint, and includes informal protests concerning discriminatory employment practices, including making complaints to an employer.

> Kotcher v. Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59, 65 (2d Cir. 1992); Sumner v. United States Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990); Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993); Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564, 1569 (2d Cir. 1989).

## PLAINTIFF'S REQUEST NO. 19
### (Good Faith Belief)

In order to prevail on his retaliation claim, Mr. Sotak need not demonstrate that McGraw-Hill actually discriminated against him based on his age.  He must show only that he had a good faith belief that McGraw-Hill's conduct violated the laws forbidding employment discrimination.

> Gordon v. New York City Board of Educ., 232 F.3d 111, 116 (2d Cir. 2000); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993); Sumner v. United States Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990); Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564, 1569 (2d Cir. 1989); Avis-High Bennett Rent-A-Car Inc. v. State Human Rights Appeal Bd., 338 N.Y.S.2d 694, 696-97 (2d Dep't 1972).

## PLAINTIFF'S REQUEST NO. 20
### (Retaliation:  Retaliatory Motive)

To prove retaliatory motive, Mr. Sotak must show that his protected activity was a motivating factor in McGraw-Hill's decision to fire him in June 2005.  Mr. Sotak need not prove that his protected activity was McGraw-Hill's sole or even principal consideration or that his protected activity "prompted" McGraw-Hill's decision to terminate his employment.  Mr. Sotak must show only that his protected activity made a difference in McGraw-Hill's action.  Even if you decide that McGraw-Hill had stronger and perhaps more compelling reasons for its actions, you must find for Mr. Sotak on this element if you find that his protected activity played a motivating role in, or contributed to, the decision.

In assessing whether Mr. Sotak satisfies the third element of his retaliation claim, you may consider all evidence tending to show that McGraw-Hill was motivated at least in part by Mr. Sotak's protected activity.

> Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-46 (2000); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116-17 (2d Cir. 2000); Parker v. Columbia Pictures Indus., 204 F.3d 326, 336-37 (2d Cir. 2000); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769-70 (2d Cir. 1998); Luciano v. Olsten Corp., 110 F.3d 210, 215-16 (2d Cir. 1997); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996); Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2d Cir. 1995).

## PLAINTIFF'S REQUEST NO. 21
### (General Corporate Knowledge)

Only general corporate knowledge of Mr. Sotak's protected activity is necessary. The same persons who engaged in the retaliatory act need not have known of Mr. Sotak's complaints of discrimination.

Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000).

## PLAINTIFF'S REQUEST NO. 22
### (Pretext)

You may find for Mr. Sotak on his retaliation claim if you find that he has shown by a preponderance of the evidence that the reasons offered by McGraw-Hill for its actions are not McGraw-Hill's true or complete reasons and that McGraw-Hill was motivated, at least in part, by retaliation.

You may find that Mr. Sotak's proof that McGraw-Hill's stated reasons are not the true or complete reasons for its actions is enough to show that McGraw-Hill was motivated by retaliation. As with Mr. Sotak's discrimination claim, you may consider the reasonableness, or lack thereof, of McGraw-Hill's explanations for its decisions, and any evidence of implausibilities concerning those reasons. If you find the reasons articulated by McGraw-Hill to be unbelievable or a "cover-up," you may conclude that McGraw-Hill was motivated by a retaliatory reason.

In determining whether the reasons McGraw-Hill has given for its treatment of Mr. Sotak are not the complete reasons, you may consider whether there is evidence that those reasons contain inconsistencies, are implausible, absurd, or unwise. Again, you may compare McGraw-Hill's treatment of Mr. Sotak to its treatment of other employees who are held to the same workplace standards or rules as Mr. Sotak. You may also consider evidence of whether McGraw-Hill failed to treat Mr. Sotak in a manner that was consistent with its usual policies and protocols.

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 144-49 (2000); Cross v. New York City Transit Auth., 417 F.3d 241, 249-51 (2d Cir. 2005); Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 123-24 (2d Cir. 2004); Mandell v. County of Suffolk, 316 F.3d 368, 377-79 (2d Cir. 2003); Terry v. Ashcroft, 336 F.3d 128, 140-47 (2d Cir. 2003); Byrnie v. Town of Cromwell, 243 F.3d 93, 102 (2d Cir. 2001); Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 380-81 (2d Cir. 2001); Graham v. Long Island R.R., 230 F.3d 34, 43-44 (2d Cir. 2000); Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000); Tarshis v. Riese Org., 211 F.3d 30, 37 (2d Cir. 2000); Carlton v. Mystic

Transp., Inc., 202 F.3d 129, 136-37 (2d Cir. 2000); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 117-18 (2d Cir. 2000); Stern v. Columbia Univ., 131 F.3d 305, 313 (2d Cir. 1997); DeMarco v. Holy Cross High Sch., 4 F.3d 166, 171 (2d Cir. 1993); Zakre v. Norddeutsche Landesbank Girozentrale, 396 F. Supp. 2d 483, 508-09 (S.D.N.Y. 2005); Sklaver v. Casso-Solar Corp., No. 02-CV-9928, 2004 WL 1381264, at *9 (S.D.N.Y. May 15, 2004); DePace v. Flaherty, 183 F. Supp. 2d 633, 639-40 (S.D.N.Y. 2002); Fullerton v. Prudential Life Ins. Co. of Am., No. 99 Civ. 4453, 2000 WL 1810099, at *7-8 (S.D.N.Y. Nov. 30, 2000); Mittl v. N.Y. State Div. of Human Rights, 763 N.Y.S.2d 518, 520-22, 794 N.E.2d 660, 662-64 (2003).

**REQUEST NO. 23**
**(Timing of Retaliation)**

In determining whether a retaliatory motive played a part in McGraw-Hill's actions against Mr. Sotak, you may consider whether Mr. Sotak's complaints of discrimination were closely followed in time by  McGraw-Hill's termination of his employment.

Terry v. Ashcroft, 336 F.3d 128, 145 (2d Cir. 2003); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996).

**REQUEST NO. 24**
**(Willfulness)**

If you find that Mr. Sotak has prevailed on his claims of discrimination or retaliation, you must decide if that discrimination or retaliation was willful. A defendant's conduct is willful if the defendant knew or showed reckless disregard for whether its conduct was prohibited by law. If McGraw-Hill knew that age discrimination or retaliation was unlawful and nonetheless violated the law, that is sufficient to demonstrate that its conduct was willful.

Hazen Paper Co. v. Biggins, 507 U.S. 604, 614-17 (1993); McGinty v. State of New York, 193 F.3d 64, 69-70 (2d Cir. 1999); Stratton v. Dep't for the Aging of the City of New York, 132 F.3d 869, 881 (2d Cir. 1997); Meacham v. Knolls Atomic Power Laboratory, 185 F. Supp. 2d 193, 215-16 (N.D.N.Y. 2002).

## PLAINTIFF'S REQUEST NO. 25
### (Damages)

If you find that Mr. Sotak's age or his opposition to discrimination was a determinative or motivating factor in McGraw-Hill's actions, then you should determine an amount that is fair compensation for his damages.  The purpose of the law is to make Mr. Sotak whole -- to put him in the same position he would have been in had there been no discrimination or retaliation in connection with the termination of his employment from McGraw-Hill.

Albemarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975); Carrero v. New York City Hous. Auth., 890 F.2d 569, 579-81 (2d Cir. 1989); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 WL 2170659, at *16 (S.D.N.Y. Sept. 6, 2005);  Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983); Sogg v. Am. Airlines, Inc., 603 N.Y.S.2d 21, 27 (1st Dep't 1993).

## PLAINTIFF'S REQUEST NO. 26
### (Damages:  Uncertainty)

Mr. Sotak is entitled to lost wages and benefits even if they are difficult to calculate. Any uncertainty about the amount of lost compensation to be awarded to Mr. Sotak should be resolved in his favor.  That said, Mr. Sotak has the burden of proving that he actually incurred a loss of earnings.

> Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1157 (2d Cir. 1994); Malarkey v. Texaco, Inc., 794 F. Supp. 1237, 1243-44 (S.D.N.Y. 1992), aff'd, 983 F.2d 1204 (2d Cir. 1993); Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1169 (S.D.N.Y. 1983);  Kaval Constr.  Corp.  v. State  Div.  of Human  Rights,  39 A.D.2d 347, 350, 334 N.Y.S.2d 341, 345 (2d Dep't 1972); Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108, 1119-20 (3d Cir. 1988).

## PLAINTIFF'S REQUEST NO. 27
### (Damages:  Back Pay)

If you find for Mr. Sotak on his claims of age discrimination or retaliation, he is entitled to the back pay that he would have earned had McGraw-Hill not discriminated or retaliated against him.  This amount consists of the salary, bonuses, and other forms of compensation and benefits Mr. Sotak would have received had he not been fired.

In calculating Mr. Sotak's back pay for any of his claims, the amount should be increased by the value of anticipated raises and bonuses, as well as the value of the other benefits that would have accrued but for McGraw-Hill's discriminatory or retaliatory conduct.

> Douglas W. Desmarains et al., Model Jury Instructions – Employment Litigation, Instr. 1.07[1], [2] (1994); Banks v. Travelers Cos., 180 F.3d 358, 364 (2d Cir. 1999); Stratton v. Dep't for the Aging, 132 F.3d 869, 881-82 (2d Cir. 1997); Carrero v. New York City Hous. Auth., 890 F.2d 569, 579-81 (2d Cir. 1989); Epstein v. Kalvin-Miller Int'l, Inc., 139 F. Supp. 2d 469, 484-85 (S.D.N.Y. 2001); Shannon v. Fireman's Fund Ins. Co., 136 F. Supp. 2d 225, 230-33 (S.D.N.Y. 2001); Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983).

## PLAINTIFFS REQUEST NO. 28
### (Damages:  Back pay – Mitigation)

If you find that Mr. Sotak established his claim of age discrimination or retaliation, you must also determine whether McGraw-Hill has proved that Mr. Sotak failed to mitigate his damages.  To establish a failure to mitigate lost wage damages, McGraw-Hill must prove by a preponderance of the evidence two facts:   first, that Mr. Sotak failed to exercise reasonable diligence in seeking alternative employment; and second, that substantially equivalent employment was available if Mr. Sotak had exercised such reasonable diligence.  McGraw-Hill bears the burden of proof on this issue.

Employment is substantially equivalent if it would provide Mr. Sotak with virtually identical promotional opportunities, compensation, job responsibilities, working conditions and status as the position he held at McGraw-Hill.  Mr. Sotak need not go into another line of work, accept a demotion or take a demeaning position.  The obligation on Mr. Sotak is not onerous, and does not require that he be successful in his job search.

McGraw-Hill's burden of proving that Mr. Sotak's job search was unreasonable is extremely high.  McGraw-Hill must prove that Mr. Sotak's conduct was so deficient as to constitute an unreasonable failure to seek employment.  McGraw-Hill cannot meet its burden by showing merely that there are further actions that Mr. Sotak could have taken in pursuit of employment.  The range of reasonable conduct is broad and Mr. Sotak must be given the benefit of every doubt in assessing his conduct.

> Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982); Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 695-96 (2d Cir. 1998); Dailey v. Societe Generale, 108 F.3d 451, 455-56 (2d Cir. 1997); Kuper v. Empire Blue Cross & Blue Shield, No. 99 Civ. 1190, 2003 WL 359462, at *6 (S.D.N.Y. Feb. 18, 2003); Shannon v. Fireman's Fund Ins. Co., 136 F. Supp. 2d 225, 228 (S.D.N.Y. 2001); Ginsberg v. Valhalla Anesthesia Assocs., P.C., 96 Civ. 6462, 1997 WL 669870,

at *2 (S.D.N.Y. Oct. 28, 1997); <u>Signore v. People & Props., Inc.</u>, No. 96 Civ. 0592, 1997 WL 30929, at *2 (S.D.N.Y. Jan. 27, 1997); <u>Greenway v. Buffalo Hilton Hotel</u>, 951 F. Supp. 1039, 1059-62 (W.D.N.Y. 1997).

## PLAINTIFF'S REQUEST NO. 29
### (Damages:  Compensatory Damages)

If you find that Mr. Sotak has established his claims of discrimination or retaliation, you may award him compensatory damages for injuries such as emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damages.  No expert testimony is necessary to prove such harm, and you may rest your findings solely on Mr. Sotak's testimony.

> N.Y. Exec. Law § 297(4)(c) (McKinney 2007); Cross v. New York City Transit Auth., 417 F.3d 241, 258-59 (2d Cir. 2005) (applying New York State law); Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 77-78 (2d Cir. 2004) (applying New York State law), vacated on other grounds, 461 F.3d 134 (2d Cir. 2006); Hill v. Airborne Freight Corp., 212 F. Supp. 2d 59, 71-72 (E.D.N.Y. 2002), aff'd, No. 03-7263, 2004 WL 303919 (2d Cir. Feb. 18, 2004).

## PLAINTIFF'S REQUEST  NO. 30
### (Damages:  Punitive Damages)

If you find that Mr. Sotak has prevailed on his claims of age discrimination or retaliation, you may award him punitive damages.  To recover punitive damages, Mr. Sotak must show that McGraw-Hill discriminated or retaliated against him maliciously or with reckless indifference to his protected rights under the law.

The purpose of punitive damages is to punish a defendant and to set an example in order to deter a defendant and others from committing similar acts in the future.  Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.  You may award punitive damages even if you have not awarded any other damages to Mr. Sotak.  There is no exact rule by which to determine the amount of punitive damages.  The wealth of McGraw-Hill is relevant to the assessment of punitive damages.  You may fix such an amount as you find, in your sound judgment and discretion, the character of McGraw-Hill's unlawful conduct calls for.

> N.Y.C. Admin. Code § 8-502(a); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535-36 (1999); Cush-Crawford v. Adchem Corp., 271 F.3d 352, 356-57 (2d Cir. 2001); Zimmerman v. Assocs. First Capital, 251 F.3d 376, 384-86 (2d Cir. 2001); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739, 2005 WL 2170659, at *17-19 (S.D.N.Y. Sept. 6, 2005); Ortiz-Del Valle v. Nat'l Basketball Assoc., 42 F. Supp. 2d 334, 344 (S.D.N.Y. 1999); Greenbaum v. Handelsbanken, 67 F. Supp. 2d 228, 262 (S.D.N.Y. 1999); McIntyre v. Manhattan Ford Lincoln-Mercury, Inc., N.Y.S.2d 167, 169-70 (1st Dep't 1998).

## PLAINTIFF'S REQUEST NO. 31
### (Unanimous Verdict)

The verdict, both as to liability and as to the amount of damages, if any, must represent the considered judgment of each juror.  In order for you to return a verdict, it is necessary that all of you agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely for the purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

3 Federal Jury Practice and Instructions § 106.01.


Dated: New York, New York
　　　　January 13, 2009

　　　　　　　　　　　　　　　　　　VLADECK, WALDMAN, ELIAS &
　　　　　　　　　　　　　　　　　　ENGELHARD, P.C.


　　　　　　　　　　　　By: 　　_s/_____
　　　　　　　　　　　　　　　　Karen Cacace (KC 3184)
　　　　　　　　　　　　　　　　Valdi Licul (VL 1468)
　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　1501 Broadway, Suite 800
　　　　　　　　　　　　　　　　New York, New York  10036
　　　　　　　　　　　　　　　　(212) 403-7300