UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AURELIUS CAPITAL PARTNERS ET. AL

                Plaintiff,

        – against –

REPUBLIC OF ARGENTINA,

                Defendants.

------------------------------------------------------------x

**OPINION**

07 Civ. 2715
07 Civ. 11327
07 Civ. 2698
09 Civ. 8757
09 Civ. 8757
09 Civ. 10620
10 Civ. 1602
10 Civ. 3507
10 Civ. 3970
10 Civ. 4101
10 Civ. 4782
10 Civ. 8339

On December 13, 2011, Aurelius Capital Partners, L.P., Aurelius Capital Master, Ltd., Blue Angel Capital I LLC, ACP Master, LTD., Aurelius Opportunities Fund II, LLC ("plaintiffs") served Requests for Production on the Republic of Argentina (the "Republic"). The plaintiffs also served subpoenas on eighteen non-party banks on December 13, 2011 and January 12, 2012. On May 22, 2012, the Republic filed the present motion for a protective order with respect to the Requests for Production served upon it and a motion to quash the eighteen subpoenas served on the non-party banks.

On October 10, 2012, plaintiffs responded by filing a motion to compel production by the Republic as well as the non-party banks. Several non-party

1

banks have since filed motions in opposition to plaintiffs' motion to compel and cross motions to quash the subpoenas served on them.

This opinion only addresses the Republic's motion for a protective order over the subpoena served upon it, and to quash subpoenas served on non-party banks. These are the only issues that are fully briefed thus far. Briefing on the plaintiffs' motion to compel and the non-party banks' motions to quash will be addressed after briefing is completed in April 2013.

This court denies the Republic's motion for a protective order with respect to the subpoena served on the Republic, and its motion to quash the subpoenas served on the non-party banks. However, the court recognizes that the Republic may have a substantial argument that the subpoenas may be too broad in the categories of documents sought and how Argentina is defined. Accordingly, the court will hold a hearing on this issue, as was done in NML Capital v. Republic of Argentina, and the court may direct the parties to confer on narrowing the scope to an acceptable limit, as was done in that case. Transcript of Oral Argument, NML Capital v. Republic of Argentina, (Aug. 30, 2011) (03 CV 2507).

Background

Pursuant to Fed. R. Civ. P. 26(c) the Republic moves for a protective order with respect to the Request for Production served on the Republic. Rule 26 provides that for good cause a court can issue an order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or

2

expense." See also Herbert v. Lando, 441 U.S. 153, 177 (1979). Whether discovery is unduly burdensome depends on balancing the burden with the likely benefit considering "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

The Republic also moves pursuant to Fed R. Civ. P. 45 to quash the subpoenas served on the non-party banks. A court may quash a subpoena pursuant to Rule 45 "to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." Fed. R. Civ. P. 45 advisory committee's notes.

Over breadth

The Republic argues that the court should issue a protective order against the Request for Production served upon the Republic and quash the subpoenas served upon the non-party banks because the subpoenas are overly broad and unduly burdensome. As discussed below, the Republic presents several arguments in support of this position, including that the requests lack territorial limitation, that their four year scope is excessive, that they are unreasonably duplicative, and that the overall substantive scope is too broad since they seek at least 30 categories of documents with additional subparts, and define "Argentina" to include 461 entities – the majority of which are

3

independent companies, separate instrumentalities, or are otherwise immune from creditor process.

Because the subpoenas served on the non-party banks seek information about the Republic's financial affairs, the Republic has standing to seek to quash the subpoenas on the grounds that the document requests are excessively broad and seek irrelevant private information. See See Langord v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005).

Given that the Republic's over breadth arguments are the same for the subpoena served upon the Republic as well as those served upon the non-party banks, the arguments will be addressed together.

Lack of Territorial Limitation

First, the Republic argues that the subpoenas are too broad given the lack of territorial restriction. This objection must be assessed in light of the fact that this court has stated that "there should be a program of discovery directed to the Republic" requiring the Republic to produce information concerning "contracts it . . . or some branch of the Republic is entering into anywhere, United States or Germany or France or anywhere," as well as "any financing it is doing, any financing of any kind." This court has stated that it intends to serve as a "clearinghouse for information," in plaintiffs' efforts to find and attach the Republic's assets. Accordingly, this court has found, and the

4

Second Circuit has affirmed, that the lack of territorial limitation is not itself problematic, and materials abroad are not irrelevant to the plaintiffs' case. See NML Capital v. Republic of Argentina, 03 Cv. 2507, 2011 WL 3897828 (S.D.N.Y. Sept. 2, 2011), aff'd, EM Ltd. v. Republic of Argentina, 695 F.3d 201 (2d Cir. 2012).

Plaintiffs are allowed to seek discovery to understand Argentina's financial circulatory system – to locate Argentina's assets and accounts, and learn how Argentina moves these assets through New York and throughout the world. The recognized territorial limitation is that discovery should not be targeted to assets located in Argentina, as the FSIA would clearly not allow plaintiffs to seize these assets. The subpoenas appear to comply with this understanding and thus are appropriately tailored geographically.

Time Period and Duplicative Requests

Contrary to the Republic's arguments, it does not appear that requesting documents within a three or four year time period is unreasonably burdensome, and this court has previously accepted a similar temporal scope in NML Capital v. Republic of Argentina. Likewise, to the extent any of the requested documents have previously been produced, plaintiffs have indicated that the Republic and banks need not produce the documents again. Accordingly, the Republic's claims that the discovery demands are

unreasonably duplicative and cover too broad a time period are insufficient to justify quashing the subpoenas or issuing a protective order.

Overall Scope

The Republic also argues that the subpoenas' definition of "Argentina" and the number of categories of documents sought render them overly broad and too burdensome. Specifically, the Republic argues that seeking discovery regarding "every asset, debt or property of any kind whatsoever located anywhere in the world that Argentina owns or owned" is overly broad. In addition, the Republic argues that many of the entities listed in the definition of Argentina are separate, and many previously held not to be alter egos of the Republic, and as such discovery regarding their assets is improper.

As this court has previously stated, the discovery needs to be tailored to seek only information regarding assets that could realistically be seized by plaintiffs whether in the United States or in foreign countries. In order to comply with this principle, this court determined on August 30, 2011, that the parties in NML Capital v. The Republic of Argentina would need to agree to narrow the scope of the subpoena served on Banco de la Nacion Argentina and Bank of America. Those subpoenas defined "Argentina" as consisting of 225 entities and sought 12 categories of documents. In this case, the subpoena defines "Argentina" as consisting of 461 entities and seeks at least 30

categories of documents with subparts. It therefore appears that the present subpoena is not appropriately tailored.

These issues should be addressed in a hearing and the court may direct the parties to confer on any tailoring as was done in NML Capital.

Foreign Sovereign Immunities Act

Aside from arguing that the subpoenas are overly broad, the Republic also makes numerous arguments that the scope of the subpoenas exceeds the permissible bound of the FSIA. For example, the Republic argues that the FSIA limits the scope of execution-related discovery to assets located in the United States. However, as the Republic concedes, these are the same arguments this court and the Second Circuit have previously rejected. The Second Circuit specifically held that "because the district court ordered only discovery, not the attachment of sovereign property . . . Argentina's sovereign immunity is not affected." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 203 (2d Cir. 2012). This court therefore again rejects the Republic's arguments that the FSIA prohibits the discovery sought.

Foreign Laws

The Republic also seeks to quash the subpoenas served on the non-party banks on the grounds that production of the requested documents would require the banks to violate various foreign countries' laws. However, the Republic does not have standing to make this argument since its sole basis is

7

that the non-party banks would bear an unreasonable burden in producing the documents. The Republic does not indicate however how, if at all, it would be harmed by the banks' possible violation of foreign law and therefore it has not standing to assert arguments regarding how the banks would be harmed.

The non-party banks have filed their own motions to quash arguing that the subpoenas would require them to violate foreign countries' laws and the court will address the arguments in deciding those motions.

## Conclusion

For the reasons stated herein, the Republic's motion for a protective order and motion to quash are denied. The court will hold a hearing at a later date to discuss whether and how the subpoenas will need to be more narrowly tailored.

Dated:  New York, New York
        March 7, 2013

_____
Thomas P. Griesa
U. S. District Judge